UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANIEL E. JONES II, on behalf of himself, individually,
and on behalf of all others similarly-situated,   **COMPLAINT**

                Plaintiff,   **Docket No.: 17-CV-3018**

        -against-   Jury Trial Demanded

PAWAR BROS. CORP.,
and HARJINDER SINGH, individually,

                Defendants.
------------------------------------------------------------------------X

Plaintiff, DANIEL E. JONES II ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively, as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PAWAR BROS. CORP. ("Pawar"), and HARJINDER SINGH ("Singh"), individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3); (v) an anti-

retaliation provision of the NYLL, NYLL § 215(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - an automobile body shop and its owner - - as a dispatcher and tow truck driver from September 18, 2010 until February 15, 2017. As described below, for at least the six-year period pre-dating the commencement of this action, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, during that time, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week, yet the Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours that he worked in excess of forty each week.

3. Furthermore, Defendants violated the NYLL by: failing to provide Plaintiff with accurate wage statements on each payday.

4. Defendants paid and treated all of their "dispatcher" and "tow truck driver" employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

6. Plaintiff brings claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiffs who opt-into this action.

7. Making matters much worse, after Plaintiff complained to Defendants about their failure to pay him overtime compensation despite requiring him to work over forty hours per week, Defendants by terminating Plaintiff's employment.

8. Accordingly, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and NYLL based on the Defendants' conduct.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and both reside within New York.

## PARTIES

11. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

12. At all relevant times herein, Defendant Pawar was and is a New York corporation located at 74-35 Grand Avenue, Elmhurst, New York 11373.

13. At all relevant times herein, Defendant Singh was and is the Chief Executive Officer ("CEO") of Pawar.

14. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Pawar's qualifying annual businesses exceed $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as Defendants accepted payments in cash that naturally moved across state lines, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and relied on trucks to conduct their business that came from out-of-state and were made with out-of-state parts, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually on his own behalf, as well as on behalf of those in the following collective:

> Current and former "dispatcher" and/or "tow truck driver" employees, or those who worked in other similar positions, who at any time during the applicable FLSA limitations period, performed any work for Pawar, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

18. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

4

## BACKGROUND FACTS

19. Defendant Pawar is a New York corporation headquartered in Queens County that is engaged in the business of automobile towing and body repair.

20. Defendant Singh is the CEO of Pawar, who in that capacity controls the terms of employment of all of Defendant Pawar's employees, in that he has the power to hire and fire all employees, supervises and controls employee work schedules and determines the rate and method of wage payments, and is responsible for maintaining employment records. To that end, Singh hired Plaintiff, set his rate of pay, and fired Plaintiff.

21. Defendants employed Plaintiff as a "dispatcher" and "tow truck driver" from on or about September 18, 2010 until on or about February 15, 2017.

22. Throughout his employment, Plaintiff's duties primarily involved driving a tow truck in Manhattan, operating a radio dispatch between tow jobs, and towing damaged vehicles to Defendants' body shop.

23. As is relevant to this action, from in or about May 2011 until on or about November 30, 2013, Defendants required Plaintiff to work approximately six days per week, from 7:00 a.m. until 7:00 p.m. or later without a scheduled or uninterrupted break, for a total of seventy-two hours worked each workweek.

24. From on or around December 1, 2013 until on or around December 31, 2014, Defendants required Plaintiff to work approximately seven days per week, from 7:00 a.m. until 7:00 p.m. or later without a scheduled or uninterrupted break, for a total of eighty-four hours worked each workweek.

25. From on or around January 1, 2015 until on or around December 31, 2015, Defendants required Plaintiff to work approximately five days per week, from 7:00 a.m. until 7:00

p.m. or later without a scheduled or uninterrupted break, for a total of sixty hours worked each workweek.

26. From on or around January 1, 2016 until Plaintiff's termination on February 15, 2017, Defendants required Plaintiff to work approximately four days per week, from 7:00 a.m. until 7:00 p.m. or later without a scheduled or uninterrupted break, for a total of forty-eight hours worked each workweek.

27. As is relevant to this action, from in or about May 2011 until on or about December 2015, Defendants paid Plaintiff $10.00 per hour for all hours worked per week, including those in excess of forty. Subsequently, from on or about January 1, 2016 until Plaintiff's retaliatory termination on or about February 15, 2017, Defendants paid Plaintiff $11.00 per hour for all hours worked per week, including those in excess of forty.

28. Defendants, thus, failed to pay Plaintiff at the rate of one and one-half times his hourly rate of pay for all hours that Plaintiff worked over forty each week.

29. For example, during the workweek of August 10 through 16, 2014, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 7:00 p.m. on each of seven days during that week, for a total of eighty-four hours worked that week. During that same week, Defendants paid Plaintiff at the rate of $10.00 per hour for all hours worked. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay - - $15.00 - - for the twenty hours that he worked beyond his forty that week.

30. As a second example, during the workweek of April 10 through 16, 2016, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 7:00 p.m. on Monday, Wednesday, Thursday, and Saturday, for a total of forty-eight hours worked that week. During that same week, Defendants paid Plaintiff at the rate of $11.00 per hour for all hours

worked. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay - - $16.50 - - for the eight hours that he worked beyond his first forty that week.

31. Defendants paid Plaintiff on a weekly basis in cash.

32. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

33. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

34. Each hour that Plaintiff and FLSA Plaintiffs worked was for the Defendants' benefit.

35. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

36. Making matters significantly worse, on February 15, 2017, Defendants demanded that Plaintiff increase his work schedule from four days per week back to six days per week, twelve hours per day. Plaintiff responded that he would be willing to increase his hours worked if Defendants agreed to pay him overtime pay for his hours worked beyond forty per week. In response, Defendants refused. Instead, they terminated Plaintiff's employment on the spot.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

41. Defendants willfully violated the FLSA.

42. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCCRR*

44. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

47. As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet the Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

48. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

49. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

50. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

52. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

53. As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage statements containing the criteria required under the NYLL.

54. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100.00 for each workweek that the violations occurred, up to a statutory cap of $2,500.00.

55. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the FLSA*

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

58. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

59. As also described above, after Plaintiff complained to Defendants that he would only work overtime hours in exchange for overtime pay, Defendants retaliated by terminating Plaintiff's employment.

60. As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

61. As a direct and proximate result of these Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62. Plaintiff is entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for the Defendants' violation of the FLSA's anti-retaliation provisions.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the NYLL*

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has caused to be instituted a proceeding under or related to the NYLL.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

66. As also described above, after Plaintiff complained to Defendants that he would only work overtime hours in exchange for overtime pay, Defendants retaliated by terminating Plaintiff's employment.

67. At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

68. As a direct and proximate result of the Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of these Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

70. Plaintiff is entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's anti-retaliation provisions.

## DEMAND FOR A JURY TRIAL

71. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  h. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

  i. Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with his retaliation claims, whether legal or equitable, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for the Defendants' unlawful conduct, to the extent recoverable by law;

  j. Granting an award of damages to be determined at trial to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment in connection with his retaliation claims;

k.      Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish as provided by law in connection with his retaliation claims;

l.      Granting an award of punitive damages to Plaintiff commensurate with the Defendants' ability to pay and as provided by law, in connection with his retaliation claims;

m.      Pre-judgment and post-judgment interest, as provided by law; and

n.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       May 18, 2017

                                      Respectfully submitted,

                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      655 Third Avenue, Suite 1821
                                      New York, New York 10017
                                      Tel.    (212) 679-5000
                                      Fax.    (212) 679-5005

By: _____
                                      MICHAEL R. MINKOFF (MM 4787)
                                      ALEXANDER T. COLEMAN (AC 8151)
                                      MICHAEL J. BORRELLI (MB 8533)