UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DANIEL E. JONES II, on behalf of himself, individually, and on behalf of all others similarly-situated,

                Plaintiff,

-against-

PAWAR BROS. CORP., and HARJINDER SINGH, individually, and USAC TOWING CORP.,

                Defendants.
-----------------------------------------------------------------

17-CV-3018 (PKC)(JO)


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**


Dated: New York, New York
March 22, 2019

Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
Tel.: (212) 725 - 4600
*Attorney for Defendants*

This memorandum of law is respectfully submitted in opposition to Plaintiff's motion for summary judgment and in support of Defendants' cross motion for summary judgment.

Plaintiff moves for summary judgment based on no less than 109 statements of fact that it purports to be undisputed, many of which are unintelligible and contain impermissible argument and conclusory language. For these reasons alone Plaintiff's statement of facts should be stricken and its motion denied. Notably, nowhere in Plaintiff's 109 statements does it provide a basis for subject matter jurisdiction with respect to allegations of interstate commerce. That is because Plaintiff neglected to conduct any discovery on the issue, even though it is a required element to establish liability on its federal claims.

Plaintiff's motion, while asserting at least six arguments for relief, relies entirely on establishing that Plaintiff was an employee under the FLSA and that Pawar Bros. and USAC Towing were a "single enterprise." Because Plaintiff conceded in his deposition that he only drove a USAC Towing truck, (and USAC Towing does not generate more than $500,000 of business), Plaintiff was forced to assert that Pawar and USAC Towing were acting as one entity. However, a clear issue of fact precludes any such finding by law. Similarly, a clear issue of fact exists as to which company Plaintiff worked for, and whether he was an employee under the FLSA at all.

First, the facts show that Plaintiff was not an employee of Pawar. Plaintiff always drove a USAC truck and did not drive a truck for Pawar Bros. nor perform work for Pawar Bros., and was not employed by Pawar Bros. (Ex. F: Dep. Daniel Jones, at

1

54-57; Ex. K: Photo bates stamped JONES000003; Ex. A: First Dep. Harjinder Singh, at 67, 70-71, 159; Ex. B: Second Dep. Harjinder Singh, at 73; Ex. D: Dep. Harmit Singh, at 61-62; Ex. E: Dep. Harvinder Singh, at 16, 40-41; Ex. C: Dep. Ricardo Marchand, at 65-67).

None of the employees of Pawar worked with Jones, and could hardly remember ever meeting him. Although Plaintiff relies on photographs of himself to show he was an employee of Pawar or USAC, none of the photographs depict him in a Pawar tow truck, nor standing with another Pawar employee. (Exs. K-O: photos; Ex. D: Dep. Harmit Singh, at 61-62; Ex. E: Dep. Harvinder Singh, at 16, 40-41; Ex. C: Dep. Ricardo Marchand, at 65-67)

Second, the facts show that Plaintiff was not an employee of USAC Towing. Rather, Plaintiff was an "on call guy" who was used by multiple other companies to fill in on an as needed basis. (Ex. A: First Dep. Harjinder Singh, at 109, 147-148) This was different from the actual employees of Pawar Bros. who were considered such because they only worked for Pawar and not other companies at the same time. (Ex. A: First Dep. Harjinder Singh, at 109)

Further, even if Plaintiff were shown to be an employee of USAC Towing, Plaintiff has not established that USAC generated more than $500,000 of business, or conducted interstate commerce.

While Plaintiff seeks a finding that Pawar and USAC acted as a single entity, the facts state otherwise. The two companies are clearly distinct and separate.

Pawar is an active New York State corporation registered in the County of Queens in 2007. (Exhibit I: Pawar corporate documents, DEFS 0019-22) USAC

2

Towing is an active New York State corporation separately registered in the County of Kings in February 13, 2004. (Exhibit J: USAC Towing corporate documents, DEFS 0059-62) Pawar files its own tax returns, separate from USAC Towing. (Compare Exhibit P: Pawar tax documents, versus Exhibit Q: USAC Towing tax documents) Pawar uses its two trucks to transport vehicles to and from Paragon Honda and Acura in Queens on Northern Boulevard and 57th Street. (Ex. A: First Dep. Harjinder Singh, at 58-59. 76-77, 163-164; Ex. E: Dep. Harvinder Singh, at 20-21) USAC Towing and Pawar do not share their tow trucks with each other. (Ex. A: First Dep. Harjinder Singh, at 64-65) USAC Towing does not provide any auto body services. (Ex. A: First Dep. Harjinder Singh, at 100) USAC Towing does not have employees. (Ex. B: Second Dep. Harjinder Singh, at 11) Pawar has employees. (Ex. A: First Dep. Harjinder Singh, at 70) Pawar owns two tow trucks that are each registered to its address in Queens at 74-35 Grand Avenue. (Ex. A: First Dep. Harjinder Singh, at 50-51; Exhibit G: vehicle registrations, DEFS 0023) The Pawar tow trucks clearly bear the name Pawar and a local Queens phone number: 718-779-0122. (Exhibit O: photo of Pawar tow truck bates stamped JONES 000028) USAC Towing owns two tow trucks that are both registered to its address in Queens at 31-08 Northern Boulevard. (Exhibit H: USAC vehicle registrations, DEFS 0063) The USAC Towing tow trucks clearly bear the name USAC and a local Queens phone number for the business, 718-335-8093. (Exhibit M: photo of USAC tow truck bates stamped JONES 000005; Exhibit N: photo of USAC tow truck bates stamped JONES 000006).

   Finally, with respect to Defendants' cross motion, and based on the undisputed facts set forth in Defendants' Rule 56.1 Statement in support of its motion,

3

Plaintiff's lawsuit should be dismissed for failing to establish that either Pawar or USAC towing conducted the requisite interstate business.

Defendants are a local auto body repair shop doing business exclusively in New York City. Plaintiff alleges claims for overtime pay and other related counts under both the Fair Labor Standards Act ("FLSA") and supplemental state law. In order to avail himself of federal jurisdiction under the FLSA, however, Plaintiff is required to show, among other things, that Defendants engaged in interstate commerce. After the close of discovery, the undisputed facts show no interstate commerce.

Plaintiff never sought any discovery related to any of its claims of interstate commerce, and has continued to rely only on the summary allegations in the Complaint even after the close of discovery. After months of discovery, no evidence exists in the record to support Plaintiff's claim. To the contrary, the undisputed facts show that Defendants are a local Queens business with no interstate commerce and not subject to the FLSA.

The FLSA protects only those employees who are (1) "engaged in commerce or in the production of goods for commerce," or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); see Walker v. Interfaith Nutrition Network, Inc., No. 14 CV 5419 (DRH) (GRB), 2015 U.S. Dist. LEXIS 91418, at *6 (E.D.N.Y. July 14, 2015). "The two categories are commonly referred to as 'enterprise' and 'individual' coverage, respectively." Walker, 2015 U.S. Dist. LEXIS 91418, at *6 (quoting Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010)).

Thus, "[e]ngagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement." Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) (Chen, D.J.). Additionally, "the plaintiff-employee bears the burden of establishing FLSA coverage to prove his employer's liability." Ethelberth, 91 F. Supp. 3d, at 354.

Plaintiff cannot establish either enterprise or individual coverage.

In order to be "engaged in commerce," a plaintiff must "work in the channels of interstate or foreign commerce, or in activities so closely related to this commerce, as to be considered a part of it." Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) (Chen, D.J.) (internal quotation marks and citations omitted) (finding no individual coverage of delivery person for local Chinese food restaurant). The test for determining whether an employee was engaged in commerce is whether the "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." Mitchell v. C.W. Vollmer & Co., 349 U.S. 427, 429 (1955).

Plaintiff cannot establish individual coverage because he only painted cars and was therefore not "engaged in the production of goods for commerce" or otherwise "engaged in commerce." See Ethelberth, 91 F. Supp. 3d, at 354 (noting that "to be engaged in commerce the employee must perform work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place thereof"); see also Jacoby v. Schimka, 2010 US Dist. LEXIS 81586 (N.D. Ill. 2010) (dismissing independent coverage claim where, as here, "Jacoby's duties consisted solely

5

of towing motor vehicles. Jacoby did not engage in the towing of any vehicles across state lines, nor did he have any duties that required him to communicate across state lines" and rejecting plaintif's argument that "his duties as a tow truck driver required that he handle tools, such as chains, jumper cables and wrenches, that likely moved in interstate commerce before being used by Jacoby" as too insignificant to amount to independent coverage).

Further, Plaintiff cannot establish enterprise coverage because there are no facts to show that any employees handled goods or items that moved in interstate commerce.

Additionally, Plaintiff cannot show that "two or more employees" were "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." See Jacobs v. NY Foundling Hosp., 577 F.3d 93, 99 n.7 (explaining that to meet the second prong of enterprise coverage there must be "two or more employees" who have "handl[ed], s[old] or otherwise work[ed] on goods or materials that have been moved in or produced for commerce[.]").

For the foregoing reasons, Defendants respectfully request an order denying Plaintiff's motion for summary judgment and granting summary judgment in favor of Defendants and dismissing this case for lack of subject matter jurisdiction pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissing the state law supplemental claims.

Dated: New York, New York
March 22, 2019

_____s/_____
Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
Tel.: (212) 725 - 4600
*Attorney for Defendants*