UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DANIEL E. JONES II, on behalf of himself, individually, and on behalf of all others similarly-situated,

               Plaintiff,

- against -

PAWAR BROS. CORP., and HARJINDER SINGH, individually, and USAC TOWING CORP.,

               Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-3018 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

Presently before the Court is Defendants' motion *in limine*, filed on September 9, 2022. (*See* Dkt. 95.) At issue are exhibits that Defendants seek to introduce at trial that were not included in the Joint Pretrial Order ("JPTO") filed by the parties on March 23, 2020, almost 30 months ago, nor raised or referenced during the Initial Pretrial Conference with the Court, at which the JPTO was reviewed, on April 6, 2020. For the reasons explained below, because Defendants fail to justify the *de facto* amendment to the JTPO they seek, the Court will not allow Defense Exhibits 3, 8, 12–18, and 28 to be introduced at trial.

## BACKGROUND

The parties' familiarity with the facts and procedural history of this case is presumed, and the Court only recounts those facts necessary to contextualize the Court's decision on Defendants' motion *in limine*.

On January 21, 2020, the Court issued a Memorandum & Order ("Summary Judgment Order"), granting partial summary judgment to Plaintiff and denying summary judgment for Defendant. *See Jones v. Pawar Bros Corp.*, 434 F. Supp. 3d 14 (E.D.N.Y. 2020). In the Summary Judgment Order, the Court held that there was a genuine issue of material fact as to whether

1

Plaintiff was an employee or independent contractor for Defendants, and further held that if a jury finds that Plaintiff was an employee, Defendants would be liable on the claims for retaliation and failure to provide wage statements. *Id.* at 24, 27–28. Therefore, following the summary judgment stage, back in January 2020, it was clear to the parties—or should have been clear—that whether Plaintiff was an employee or independent contractor of Defendants would be the key issue at trial.

In the Summary Judgment Order, the Court directed the parties to file a Joint Pretrial Order within 30 days. *Id.* at 30. After receiving an extension, the parties filed their JPTO on March 23, 2020. (JPTO, Dkt. 73.) In the JPTO, Plaintiff identified 63 exhibits that it anticipated using at trial. (*Id.* at 6–7.) Defendants identified no exhibits of their own, instead indicating that they "reserved the right to use or introduce any exhibits marked by Plaintiff." (*Id.* at 7.) Plaintiff also proposed several motions *in limine*, while Defendants again indicated that they would file no motions *in limine*. (*Id.* at 7–8.)

Trial was scheduled to begin on September 14, 2020, but it was delayed several times due to the COVID-19 pandemic, and the Court's subsequent backlog of trials. (*See* 4/16/2020 Minute Entry; *see also* 7/29/2020 Docket Entry; 3/1/2021 Docket Entry; 3/30/2021 Docket Entry; 12/28/2021 Docket Entry.) In January 2022, the Court set the current trial schedule: September 8, 2022, pre-trial conference, followed by jury selection and trial beginning on September 14, 2022. (1/24/2022 Docket Entry.) The Court also directed the parties to file any motions *in limine* by August 1, 2022, and to exchange marked exhibits for trial by August 22, 2022. (*Id.*)

On August 3, 2022, the parties informed the Court by letter that both parties "have no intention to file motions *in limine*." (Dkt. 87.) According to Plaintiff, the parties mutually agreed to extend the Court's August 22, 2022, deadline to exchange marked exhibits to be used at trial to August 26, 2022. (*See* Dkt. 98, at 3.) Plaintiff sent an updated Exhibit List to Defendants on

2

August 26, 2022, and every exhibit in that updated Exhibit List had been previously identified in the JPTO as a possible exhibit for Plaintiff.  (*Id.*)[1]  On August 28, 2022, Defendants informed Plaintiff for the first time that they intended to introduce 28 exhibits. (Dkt. 95-3.)  Plaintiff advised Defendants of his objections to the inclusion of these exhibits on September 6, 2022.  (*See* Dkt. 98-1.)

The parties first informed the Court of this dispute at the Final Pretrial Conference with the Court on September 8, 2022.  (9/8/2022 Minute Entry.)  The Court ordered the parties to further brief the issue by September 12, 2022.  (*Id.*)

In his written submission, Plaintiff objects to the introduction of ten of the 28 newly identified defense exhibits: D-Ex. 3 (Pawar Bros. truck licenses); D-Ex. 8 (Paystub Harjinder Singh); D-Ex. 12 (W-2 statements); D-Ex. 13 (W-2 summary statements); D-Ex. 14 (USAC Towing Corp[.] documents); D-Ex. 15 (USAC Towing lease); D-Ex. 16 (USAC truck license); D-Ex. 17 (USAC tax document); D-Ex. 18 (USAC consumer affair license); and D-Ex. 28 (Pawar Bros. employee paystubs report).[2]  (Dkt. 98-1.)

---

[1] Because the parties have not filed the exhibits on ECF, the Court cannot verify that all of the exhibits Plaintiff now seeks to introduce were originally included in the JPTO.  Therefore, the Court assumes that Plaintiff's Exhibits 1 to 3 listed in Plaintiff's updated Exhibit List, corresponds to the "Photographs" that were previously listed as Plaintiff's Exhibits 8 to 58 in the JPTO, and that Plaintiff's Exhibit 4 in Plaintiff's update Exhibited List corresponds to Plaintiff's Exhibits 62 and 63 in the JPTO. (*Compare* JPTO, Dkt. 73, at 7 *with* Dkt. 95-2, at 2.)

[2] Defendants have agreed to withdraw D-Ex. 4, which Plaintiff had objected to for not being included in the JPTO.  Furthermore, as discussed below, despite the Court's direction to the contrary, Defendants have not provided the Court with any of the new defense exhibits they seek to admit, so the Court is unsure whether any of these exhibits are identical to previously identified Plaintiff's Exhibits from the JPTO.

3

**DISCUSSION**

I. **Legal Standard**

The Federal Rules of Civil Produce allow district courts to "modify the order issued after a pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. Rule 16(e). While Rule 16(e) is not "a legal strait-jacket binding the parties and court to an unwavering course at trial," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003) (internal quotations and citations omitted), the Second Circuit has cautioned that district courts "may permit the pretrial order to be amended when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in injustice to the moving party," and that modification of a pretrial order is disfavored "if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference." *Potthast v. Metro-North R.R. Co.*, 400 F.3d 143, 154 (2d Cir. 2000) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1527, (2d ed. 1990) ("*Federal Practice and Procedure*")).

District courts have considerable discretion on whether to grant a modification of the pretrial order to guard against the scenario where a defendant tries to "force the plaintiff to prepare for an entirely different trial on a few days' notice." *See Monfore v. Phillips*, 778 F.3d 849, 859 (10th Cir. 2015) (Gorsuch, J.) (finding that district court did not abuse discretion when denying defendant's request to amend the final pretrial order two weeks before the start of trial to introduce new jury instructions, exhibits and witnesses); *see also Potthast*, 400 F.3d at 153 (explaining that a district court's decision on whether to amend the final pretrial order is reviewed for abuse of discretion, and that, on review, circuit courts generally consider the following factors: (1) prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) bad faith or willfulness of the non-compliant party).

4

**II.     Application**

Defendants have failed to carry their burden for amending the JPTO to include the ten new defense exhibits. In fact, Defendants appear to be confused as to which party bears the burden, as reflected in their argument that Plaintiff, "among any of its objections[,] . . . has not raised any legitimate basis of prejudice suffered from the late notice of Defendants' exhibits." (Dkt. 95, at 2.) To be clear, because Defendants are the party moving to amend the JPTO, they bear the burden of proving manifest injustice if the Court does not modify the order. *See Monfore*, 778 F.3d at 859 (Moritz, J., concurring) (agreeing that Rule 16(e) did not mandate that the district court grant the motion to amend the pretrial order to allow additional witnesses and exhibits "in light of [the *moving* parties'] double burden to demonstrate manifest injustice below and an abuse of discretion on appeal").

Nor can Defendants plausibly argue that not amending the JPTO at the eleventh hour, to allow them to introduce ten new exhibits (one of which is voluminous), would inflict manifest injustice on them, especially given that Defendants have had these exhibits from the outset of the case and have known of the potential relevance of the majority of these exhibits for over 2.5 years. Defendants concede that whether Plaintiff was their employee is *the* "central trial issue," and argue that they intend to use some of the contested exhibits—specifically the paystub and W-2 documents—to argue that Plaintiff was not an employee of Defendants. (Dkt. 95, at 3.) Yet, Defendants have been on notice since the Court's Summary Judgment Order issued in January 2020 that Plaintiff's employment status would be central to the trial. In fact, the Court went so far as find, as a matter of law, that Plaintiff's retaliation claim would be established if the jury found that he was Defendants' employee. *See Jones*, 434 F. Supp. 3d at 28. The Court granted an extension to the parties, so that they had 60 days to file the pre-trial order. But Defendants failed, or chose not, to identify the exhibits they now seek to introduce in the JPTO. There is also no

5

indication that Defendants did not have access to these documents at the time of the pretrial conference, which further weighs against allowing amendment of the JPTO at this late stage. *See Potthast*, 400 F.3d at 154 ("if the evidence or issue was within the knowledge of the party seeking modification at the time of the [pretrial] conference… then [modification] may not be allowed") (quoting *Federal Practice and Procedure* §1527).

On the other hand, the clear "danger of prejudice [and] surprise" to Plaintiff if the Court were to allow these new exhibits to be used at trial weighs heavily against their admission. Plaintiff's counsel attests to the fact that "he will be significantly prejudiced by [an] eleventh-hour addition" to the list of exhibits Defendants may rely on, and states that he "has been preparing for trial on the assumption Defendants only sought to introduce the Exhibits listed on the JPTO." (Dkt. 98, at 2.) This type of last-minute maneuver which "force[s] the plaintiff to prepare for an entirely different trial on a few days' notice," is exactly the kind of prejudice to the non-movant that Rule 16(e) is intended to guard against. *See Monfore*, 778 F.3d at 859. Danger of prejudice or surprise to Plaintiff may have been significantly mitigated had Defendants timely identified or moved to introduce these exhibits. But at this late date, the Court will not allow it.[3]

---

[3] Furthermore, although Defendants have failed to provide the Court copies of their new proposed exhibits, based on the description of some of these exhibits and Defendants' arguments regarding their admissibility, the Court does not believe them to have significant probative value. The Court understands that several of the new exhibits, including the most voluminous ones, are employment records, *e.g.*, paystubs and tax documents, for Defendant Singh and two other employees of Defendants, which the defense purportedly seeks to introduce to show how Defendants treat individuals they viewed as employees (versus people like Plaintiff, whom Defendants allegedly viewed as an independent contractor). But the relevant question in this case is not whether Defendants complied with the law with respect to those individuals they viewed as employees, but rather, what was Defendants' relationship with Plaintiff and did that relationship qualify under the FLSA and NYLL as an employer-employee relationship, regardless of what Defendants may have (mistakenly) believed about the nature of that relationship. Thus, documents that merely bolster Defendants' own beliefs about whether they were Plaintiff's employers have minimal probative value. Notably, Defendants have also failed to articulate the relevance,

Finally, Defendants argued, both at the Final Pretrial Conference and in their briefing, that the documents they seek to use are of the "same nature and category" as those previously identified in the JPTO. (Dkt. 95, at 1.) But the Court cannot assess whether that claim is true since Defendants have failed to provide the contested exhibits to the Court, despite having been instructed to do so at the conference. The Court cannot simply take Defendants' word that these contested exhibits are of the same "nature and category" as those originally proposed by Plaintiff.

To the extent that these contested exhibits really are so similar to the Plaintiff's proposed exhibits, such that Defendants should be allowed to introduce them, the Court finds that this further undercuts Defendants ability to prove manifest injustice if their new exhibits are not allowed. To cure any potential injustice to Defendants, the Court will allow Defendants to use any exhibits that are the *exact* documents that Plaintiff included in the JPTO.[4]

The Court will also observe that Plaintiff in its September 6, 2022, letter to Defendants identifying objections to Defendants' exhibits made numerous relevance objections based on Federal Rules of Evidence 401, 402 and 403, but did not focus on relevance objections in its recent filing. (*Compare* Dkt. 98-1 *with* Dkt. 98.) Any such objections based on the Federal Rules of Evidence may be raised during trial.

## CONCLUSION

For the reasons set forth above, Defendants' motion *in limine* is GRANTED in part and DENIED in part. Defendants will not be permitted to introduce at trial Defense Exhibits 3, 8, 12, 13, 14, 15, 16, 17, 18, and 28. Defendants will be permitted to seek the introduction of Defense

---

probative value, or admissibility of any of the USAC and Pawar Bros. Corp corporate documents that it now seeks to introduce.

[4] Plaintiff originally seemed to object to Defendants' use of D-Ex. 2, the first page of which was Plaintiff's Exhibit 1 in the JPTO. (*See* Dkt. 98-1; *see also* Dkt. 95, at 2.) Plaintiff however did not identify D-Ex. 2 as one of the ten contested exhibits. (*See* Dkt. 98.) In any event, the Court will allow Defendants to use all four pages of D-Ex. 2 as an exhibit at trial.

7

Exhibit 2, which is the more complete version of Plaintiff's Exhibit 1 from the JPTO.

                                                                 SO ORDERED.

                                                                 */s/ Pamela K. Chen*
                                                                 Pamela K. Chen
                                                                 United States District Judge

Dated:  September 13, 2022
         Brooklyn, New York